# IN THE SUPREME COURT OF PENNSYLVANIA
## EASTERN DISTRICT

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 29-31 EM 2018 |
| | : | |
| Respondent | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ROBERT  WILLIAMS, | : | |
| | : | |
| Petitioner | : | |

## ORDER

**PER CURIAM**

**AND NOW**, this 24th day of April, 2018, Petitioner's several Applications Seeking Leave to File Replies and Amended Reply are GRANTED.

In response to Petitioner's other various filings, this Court exercises its King's Bench jurisdiction.  *See* 42 Pa.C.S. §502; *see also Commonwealth v. Chimenti*, 507 A.2d 79 (1986) (discussing King's Bench jurisdiction as an exercise of this Court's inherent supervisory powers).

The Commonwealth has recently stated, on the record in open court, that there are credibility issues with a police officer who was a "critical witness" at Petitioner's trial. As such, the Commonwealth agreed that Petitioner is entitled to PCRA relief.  Moreover, as reflected in filings in this Court, the Commonwealth has stated it is not opposed to Petitioner being granted immediate bail.

As such, the Court of Common Pleas of Philadelphia County is DIRECTED to issue a final resolution with respect to the pending Post Conviction Relief Act (PCRA) petition

within 60 days. To ensure compliance with this schedule, the litigants shall make every reasonable effort to expedite their filings in connection with that proceeding.

Additionally, the Court of Common Pleas of Philadelphia County is DIRECTED to immediately issue an order releasing Petitioner on unsecured bail. Moreover, as offered by Petitioner and having received no objection by the Commonwealth, the conditions of bail are to be similar or identical to those that governed Petitioner's probation prior to August 1, 2017. Bail shall continue until final resolution of the PCRA matter, including any appellate review.

At this juncture, the request for immediate reassignment to another jurist is DENIED. Notwithstanding this denial, it is noted that the presiding jurist may opt to remove herself from presiding over this matter. *See* Pa.R.Crim.P. 903(C) (in the context of ongoing PCRA proceedings, a jurist may opt to remove himself or herself from presiding over the matter "in the interests of justice").

In all other respects, Petitioner's requests for relief are DENIED.

Jurisdiction is relinquished.

Justice Dougherty did not participate in the consideration or decision of this matter.